## SAMUEL P. DAVIS *vs.* RICHARD FENNER.

In replevin by A. against B., B. obtained judgment for return and restoration and for the statutory damages of six per cent. per annum on the penal sum of the replevin bond, which is by statute twice the value of the property replevied. B. then brought suit on the bond and obtained judgment against A. for not returning the property "in like good order as when taken." B. then brought another action against A. for the use of the property during its detention:

*Held*, that this action would not lie.

*Held*, further, that the statutory damages of six per cent. per annum on the penal sum of the replevin bond were a full compensation for the use of the property during detention.

CASE. Heard by the court under the following agreement signed by the attorneys of the litigants :

" In said case both parties waive a jury trial, and agree that judgment shall be without costs for either party, and that the case shall be tried upon the following statement of facts :

" The property described in the plaintiff's declaration was taken by Richard Fenner, by virtue of a writ of replevin, as stated in the plaintiff's declaration, on the 27th day of April, A. D. 1868, and was kept by said Fenner and used by him in and about his business, and taken care of in the same manner as if he was the owner of the same, until the 15th day of December, A. D. 1869, when it was returned to the plaintiff.

" That the judgment in the replevin suit commenced by said Fenner, and mentioned in the plaintiff's declaration against Davis, was terminated by a judgment in favor of said Davis for a return and restitution of the property replevied, and for damages at the rate of six per cent. per annum on the penal sum of the bond in said suit, as provided in cap. 208 of the Revised Statutes in force at that time.

" That afterwards a suit was commenced against said Fenner on the bond in the replevin suit mentioned in the plaintiff's declaration for not returning the property in as good order and condition as when taken, in which the plaintiff recovered the sum of ten dollars damages and costs of suit, taxed at sixty $\frac{95}{100}$ dollars, at the October Term of the Supreme Court, A. D. 1870.

" If the court decide that the plaintiff under the above statement is entitled to judgment for any sum for the use of the property during said time, then the case shall be sent to an auditor." . . . .

In view of the decision of the court the rest of the agreement is immaterial, and is therefore not given.

*January* 19, 1878.  DURFEE, C. J.  On the 27th of April, 1868, the defendant replevied from the plaintiff eight horses with harness and wagons.  On the trial of the action of replevin, the defendant in that action, who is the plaintiff in this, recovered judgment for return and restoration, and for his damages assessed under the statute, Rev. Stat. R. I. cap. 208, § 7, at the rate of six per cent. per annum in the penal sum of the replevin bond. Afterwards he sued the bond and recovered ten dollars of the defendant for not returning the property " in like good order and condition as when taken."  He now sues the defendant in trover to recover compensation for the use of the property while it was detained, the defendant having used it as his own during that time.

Will the action lie?  We think not.  The defendant has already been indemnified for the deterioration of his property while it was out of his possession, and for the taking and detention of it; for we have no doubt that the damages allowed by the statute ; which are twelve per cent. on the value of the property, the bond being taken in double its value ; were intended to cover the taking and detention.  Nothing, therefore, remains for

the plaintiff to recover in the way of damages. He says the defendant used the property, and that he is entitled to compensation for its use. If the defendant had taken the property, without replevying it, and after retaining and using for a while had returned it, the plaintiff might either have sued him in trespass or trover for the damages, or he might, waiving the tort, have sued him in assumpsit for compensation for the use of the property. But he could not have done both. The damages given by the statute are a substitute for such damages, or for such compensation. It may be they are inadequate, but that cannot be helped, unless the statute is unconstitutional, and it is not claimed to be so.                    *Judgment for defendant.*

*B. N. & S. S. Lapham,* for plaintiff.
*Samuel Currey,* for defendant.